ROSS, Circuit Judge,
concurring in part and dissenting in part.
I concur in the majority opinion to the extent that it concludes the State of South Dakota has the authority to impose an annual motor vehicle registration fee on Native Americans who live within the boundaries of a reservation. S.D. Codified Laws Ann. § 32-5-5. I dissent, however, with respect to the majority’s conclusion that the State lacks the authority to impose the motor vehicle excise tax set forth in S.D. Codified Laws Ann. § 32-5B-1. In my opinion, the excise tax is indistinguishable from a sales tax levied on the sale of motor vehicles, and as such is a valid state tax on a non-reservation transaction. I also dissent from the majority’s determination that the State of South Dakota must refund the taxes previously paid.
The South Dakota motor vehicle excise tax is a one-time tax based on the purchase price of a motor vehicle, and is collected by the county when application is made for a South Dakota motor vehicle title. S.D. Codified Laws Ann. § 32-5B-10. It is clear that all of the sales occur outside the reservation. Although the majority attempts to distinguish the excise tax from a sales tax based on the fact that the excise tax is collected at the time of registration by a government employee, as opposed to at the time of sale by the seller, the excise tax and its method of collection are virtually identical to the taxes imposed upon the disposition of motor vehicles by every other state within our circuit. In all eases, the taxes operate in a similar fashion, yet are given various labels. While each of the seven states within our circuit levy similar taxes, I will discuss only those five states, including South Dakota, that also have a reservation within their borders.[18]
*1563 The State of Nebraska imposes a one-time “sales” tax, based on the purchase price of the motor vehicle. Neb.Rev.Stat. § 77-2703(l)(i). Although called a “sales” tax, the tax is not collected by the retailer at the time of the sales transaction, as is the case with retail sales in general. Id. § 77-2703(l)(a). Instead, the motor vehicle sales tax is collected by a county official at the tíme the vehicle is registered.
The State of North Dakota imposes a onetime “excise” tax based on the purchase price of the motor vehicle. N.D.Cent.Code § 57-40.3-02. Again, the tax is collected by the director of the department of transportation at the time of vehicle registration. Id. § 57-40.3-12. Because of the imposition of the motor vehicle excise tax, the sale of motor vehicles is specifically exempted from North Dakota’s sales tax. Id. § 57-39.2-04(13).
The State of Iowa calls its one-time tax upon the sale of motor vehicles a “use” tax, Iowa Code Ann. § 423.7, even on the instate purchases of motor vehicles. The tax is collected by the county treasurer at the time of vehicle registration. Id. § 423.7. Because of the imposition of this use tax, the sale of motor vehicles is specifically exempted from Iowa’s sales tax. Id. § 422.45(4).
Finally, the State of Minnesota imposes a one-time tax called a “sales tax on motor vehicles.” Minn.Stat.Ann. § 297B.02. The tax is based on the pin-chase price of the motor vehicle and is collected by the motor vehicle registrar, not by the seller at the time of sale. Id. § 297B.11. As with the other states in our circuit, Minnesota has reciprocity with other states in the form of a use tax, applicable, in part, to out-of-state purchases. Id. § 297B.08. Again, because of the tax imposed under § 297B.02, the sale of motor vehicles is specifically exempted from the general sales taxes levied under § 297A. Id. § 297B.13. A particularly interesting point to note regarding Minnesota’s motor vehicle tax, is that prior to 1994, what is now denominated a “sales tax on motor vehicles” was labeled a “motor vehicle excise tax.” The 1994 amendment modified only the label ascribed to the tax, leaving the taxing scheme otherwise unchanged.
The majority attempts to distinguish the taxing scheme found to be valid in Tunica-Biloxi Tribe v. Louisiana, 964 F.2d 1536 (5th Cir.1992), noting as significant that “Tunica involved a Louisiana tax oh the ‘sale at retail’ of any item of property within the state.” Ibid, at 1557-58. Regardless of the label given to the tax by the Louisiana legislature, however, Louisiana’s taxing scheme is virtually identical to every other motor vehicle taxing scheme within our circuit. Relying exclusively on form rather than substance, the majority overlooks the fact that Louisiana sales tax on motor vehicles is collected, not by the seller at the time of the sale, but by the ‘Vehicle commissioner as the agent of the collector of revenue at the time of application for a certificate of title or vehicle registration license.” La.Rev.Stat.Ann. § 47:303B(1).
The majority’s attempt to distinguish the Louisiana tax from the South Dakota tax is simply unavailing. The majority’s only noted distinction between the two taxes is that “[plurehasers from outside Louisiana could also be subject to the sales tax unlike the South Dakota tax which is not applied to out-of-state purchasers.” Ibid, at 1557. This is a distinction without basis. Both the South Dakota and the Louisiana taxes are identical in that neither differentiates between resident or non-resident purchasers in the imposition of their respective taxes. Instead, both resident and non-resident purchasers must pay the tax at the time the vehicle is registered in either South Dakota or Louisiana, unless the purchaser can show that the tax has been paid to another state. This is simply the use tax component of a typical sales tax scheme and in no way detracts from its characterization as a sales tax. But for *1564 the label attributed to the taxes, Tunica is indistinguishable from the case now before us.
I also disagree with the majority that the South Dakota excise tax resembles the personal property taxes found to be invalid in Oklahoma Tax Comm’n v. Sac and Fox Nation, 508 U.S. 114, 113 S.Ct. 1985, 124 L.Ed.2d 30 (1993); Washington v. Confederated Tribes of Colville Indian Reservation, 447 U.S. 134, 100 S.Ct. 2069, 65 L.Ed.2d 10 (1980); and Moe v. Confederated Salish and Kootenai Tribes, 425 U.S. 463, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976). In both Colville and Moe, the court invalidated the imposition of taxes assessed annually at a percentage of market value of the vehicles. Rejecting the State of Washington’s attempt to exalt form over substance, the Court noted that “the only difference between the taxes [in Col-ville] and the one struck down in Moe is that [the former] are called excise taxes and imposed for the privilege of using the vehicle in the State, while the Montana tax was labeled a personal property tax.” Colville, 447 U.S. at 163, 100 S.Ct. at 2086. The important distinction between the taxes in Colville and Moe and the South Dakota excise tax, is that the taxes in Colville and Moe were annual taxes contingent upon the continued ownership of a motor vehicle. In sharp contrast, the tax at issue here is a one-time tax triggered upon the disposition of a motor vehicle. Colville and Moe simply are not controlling in the present case.
Sac and Fox is also distinguishable from the case now before us. The Supreme Court noted as significant several times throughout its discussion that the excise tax at issue in Sac and Fox was paid “in addition to the state sales tax,”[19] 508 U.S. at 119, 126, 127, 113 S.Ct. at 1992, 1993. Accordingly, the Court rejected the state’s argument that the excise tax resembled a sales tax on transactions occurring outside Indian country. Id. at 126, 113 S.Ct. at 1992. Just the opposite is true here, where South Dakota law specifically states that the excise tax “shall be in lieu of any tax levied ... on the sales of such vehicles.” S.D. Codified Laws Ann. § 32-5B-1. Unlike Sac and Fox, the South Dakota motor vehicle excise tax is meant to be in lieu of the state’s sales tax, not to augment it.
In my view, the majority relies upon distinctions without substance in concluding that the excise tax is not the equivalent of a sales tax. First, the majority finds significant the fact that the tax is not collected by the automobile dealer at the time of the sale, but instead is collected by the county treasurer at the time application is made for a South Dakota motor vehicle title. As previously stated, however, this procedure in tax collection is the same procedure used by all of the states within our circuit, including those that call the tax a “sales” tax.
Second, the majority makes much of the fact that “the tax does not apply to all motor vehicle sales in the state, but only to those resulting in ownership by a South Dakota resident,” and “[c]onversely, the excise tax does apply to vehicles purchased out of state by South Dakota residents.” Ibid, at 1557. What the majority describes, however, is simply the complementary use tax element of a retail sales tax scheme. See, e.g., La.Rev. Stat.Ann. § 47:303A(3); Minn.Stat.Ann. §§ 297A.14(1), (2), 297B.08; Neb.Rev.Stat. § 77-2703(2). The existence of a use tax within the state’s taxing scheme does not nullify, or in any way alter, the nature of its sales tax.
South.Dakota’s excise tax is the equivalent of a sales tax on motor vehicles. The fact that the tax is applied only to motor vehicles and not the general sale of personal property does not alter the substance of the tax in any way. My concern with the holding adopted by the majority today is the far-reaching ramifications this decision is sure to have on the taxing schemes of other states within our circuit, and conceivably in other circuits as well. Each of the remaining four states within our circuit, which also have Indian reservations within their boundaries, impose motor vehicle taxes virtually identical to that struck down by our court today. As with South Dakota, the remaining four states impose a one-time tax; based on the purchase price of the motor vehicle; imposed in lieu of the general retail sales tax; collected not by *1565 the retañer at the time of sale, but by a county official at the time of registration; and have complementary use tax provisions. Two of the four states now call their one-time tax a “sales” tax, although identical in all other respects to the “use” or “excise” taxes of their sister states. The question is whether this difference in nomenclature will be sufficient to withstand our court’s scrutiny?
By failing to recognize the similarities between Louisiana and South Dakota’s taxing schemes, the majority now creates a split among the circuits with regard to the validity of taxing the off-reservation sales of motor vehicles. Further, by failing to recognize the distinct method of collecting motor vehicle sales taxes, as opposed to other retañ sales taxes, by every state in our circuit and possibly the majority of states across this country, our court today takes a step toward a blanket invalidation of sales taxes on the off-reservation purchases of motor vehicles. This clearly intrudes upon the Supreme Court’s affirmation that “Indians going beyond reservation boundaries have generally been held subject to non-discriminatory state law otherwise applicable to all citizens of the State,” including its state tax laws. Mescalero Apache Tribe v. Jones, 411 U.S. 145, 148-49, 93 S.Ct. 1267, 1270, 36 L.Ed.2d 114 (1973).
Because it is 'my opinion that the South Dakota excise tax functions as a valid sales tax of off-reservation transactions, I would uphold S.D. Codified Laws Ann. § 32-5B-1. Accordingly, I respectfully dissent from the majority opinion to the extent that it concludes otherwise. I note that the other states within our circuit may wish to seek leave to file amicus briefs in the event a petition for rehearing is requested and granted in this case.

. Although Arkansas and Missouri do not have Indian reservations within their borders, I note that both of these states impose and collect sales taxes on the disposition of motor vehicles in a *1563 manner identical to that of their sister states. The State of Arkansas imposes a “gross receipts tax” on the sale of motor vehicles. Ark.Code Ann. § 26-52-510. This tax is “paid by the consumer to the Director of the Department of Finance and Administration instead of being collected by the dealer or seller, ... at the time of registration.” Id. § 26-52-510(a)(l)(A). Similarly, the State of Missouri imposes a "sales” tax upon the sale of a motor vehicle. The tax is not collected by the seller but by the state department of revenue at the time of registration. Mo. Rev.Stat. §§ 144.069, 144.070.

. Oklahoma’s "sales" tax levied on motor vehicles was not challenged in Sac and Fox.